UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN CAPITAL HOLDINGS LLC, <br> a Delaware Limited Liability Company, <br> <br> Plaintiff, <br> <br> v. <br> <br> FUELL INC., a New York Corporation, <br> and FRANCOIS-XAVIER TERNY, <br> an individual, <br> <br> Defendants. | Case Number: 1:23-cv-02951 |

**FIRST AMENDED COMPLAINT**

Plaintiff, Franklin Capital Holdings LLC ("Franklin" or "Plaintiff"), by and through its attorneys, Eric S. Rein and Scott M. Kaplan of Horwood Marcus & Berk Chartered, and for its First Amended Complaint against Defendants Fuell, Inc. ("Fuell"), and Francois-Xavier Terny ("Terny"), states as follows:

**NATURE OF THE CASE**

1. Franklin is a financial services company that provides credit programs to small and medium size businesses. In April 2022, Franklin entered into a lending relationship with Fuell whereby Franklin agreed to provide Fuell with purchase order and accounts receivable financing in order for Fuell to operate its business.

2. Franklin provided various services to Fuell under this lending relationship including financing Fuell's purchase order for electric bicycles from a supplier in Taiwan and by providing factoring services on Fuell's accounts receivables with regard to multiple shipments of these electric bicycles shipped to Ed Tucker Distributor, Inc. ("Tucker") in May and June 2022.

1

3. Due to various events of default (as defined in the relevant loan documents), Fuell and Terny are currently in breach of the loan documents.

4. Franklin now seeks a monetary judgment against the Defendants as a result of the above-referenced conduct.

## THE PARTIES

5. Franklin is a Delaware limited liability company with its principal place of business located in Highland Park, Illinois.

6. Franklin's members—Gary Edidin and Matthew Fink—are both domiciled in the State of Illinois.

7. Fuell is a New York corporation with its principal place of business located in New York, New York. Fuell is a manufacturer/supplier of electric bicycles and motorcycles.

8. Terny is domiciled in the State of New York and is the Chief Executive Officer of Fuell.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a)(1). Furthermore, Fuell and Terny consented to the jurisdiction of courts located in Cook County, Illinois in connection with any disputes related to the agreements described herein.

10. Venue is proper in this Court because Fuell and Terny agreed to litigate any disputes related to the agreements described herein in Cook County, Illinois.

## FACTS COMMON TO ALL COUNTS

11. On or about April 12, 2022, Franklin and Fuell entered into a series of agreements pursuant to which Franklin provided ongoing credit programs to Fuell. These agreements included, *inter alia*, an Accounts Receivable Purchase Agreement (the "A/R Agreement") and an

Accounts Guaranty Agreement (the "Guaranty," and collectively with the A/R Agreement, the "Credit Agreements"). Copies of the Credit Agreements are attached hereto as <u>Exhibits A, and B</u>, respectively.

12. Pursuant to the Credit Agreements, and as contemplated thereunder, Franklin advanced certain funds to Fuell in order to enable Fuell to meet its ongoing business obligations. Fuell, however, has refused to pay Franklin the amounts now owed under the Credit Agreements.

**<u>Relevant Terms of the Credit Agreements</u>**

13. The A/R Agreement provides, in relevant part:

- Seller, and those principals and/or agents of Seller authorized by Seller to execute any Assignment Schedule, each represent and warrant to FRANKLIN as follows, and each such representation and warranty shall be deemed automatically reaffirmed and restated by Seller to FRANKLIN at the time each Account is purchased by FRANKLIN under the Agreement, or any Advance or financial accommodation is made to Seller under the Agreement): […] With regard to each Account purchased by FRANKLIN under the Agreement:[…] (V) there are no Disputes existing or asserted with respect to such Account and Seller has not made any agreement with the Account Debtor for any deduction therefrom except for trade discounts which discounts, if made, are reflected in the calculation of the face value of the invoice related thereto […] (Ex. B, ¶2.29)

- Seller covenants to FRANKLIN that until the Agreement shall be terminated and all Obligations shall have been paid in full, Seller will: […] Immediately and in any event not more than Twenty-four (24) hours upon receipt of such information by Seller, notify FRANKLIN of any dispute, return, rejection, loss of or damage to Goods, any request made by an Account Debtor for an extension of time to pay or any fact or circumstance with respect to any Account Purchased or Account which is likely to affect the sum owing thereon or date of payment thereof or any other fact or circumstance that is likely to give rise to any Event of Default […] (*Id.*, at ¶3.14).

- If any Event of Default shall have occurred and be continuing, FRANKLIN may exercise any one or more of the following remedies (each of which shall be cumulative remedies): FRANKLIN may declare the Obligation to be forthwith due and payable, whereupon the same shall become forthwith due and payable, notwithstanding the maturity date or dates expressed in any evidence thereof. Seller waives presentment and protect of any instruments and notice thereof, notice of default and all other notices to which Seller might otherwise be entitled except as specifically provided herein. FRANKLIN may exercise and pursue any and all

rights and remedies available to FRANKLIN hereunder and under any Related Documents, and otherwise available to FRANKLIN under applicable law or in equity… FRANKLIN shall be entitled to charge interest at the Default Rate (or if less, the maximum rate allowable by law) on Seller's Obligations, which shall remain unconditionally due and owing and any amounts due until all Accounts Purchased and Obligations due FRANKLIN have been fully satisfied… (*Id*., at ¶¶5.1, 5.2, 5.6).

14. The Guaranty provides, in relevant part:

- FOR VALUE RECEIVED and to induce Franklin Capital Holdings LLC ("Purchaser") now, and from time to time, to make advances, loans and/or extend other credit or financial accommodations under an accounts receivable purchase facility by Purchaser to Fuell Inc., a New York corporation ("Client"), secured by Client's grant to Purchaser a security interest in Client's present and future accounts, inventory, purchase orders and other present and future assets of the Client, the undersigned unconditionally guarantees, represents and warrants to Purchaser, its successors and assigns now, and from time to time hereafter, the following: […]

  3. That Client has made and shall make full, complete, and timely delivery of the goods (or services as the case may be) purchased by the customers of Client, in full compliance with the customer's specifications (or, if applicable, samples) agreed to by Client in the purchase order and that all of said goods (or services, as the case may be) are free of defects, contaminants, deleterious substances or concentrations, or damaged materials that would make the goods commercially unacceptable in general industry application, such goods shall be in conformance with intended use and purpose, and perform under such industry standards as are reasonable acceptable for like or similar quality of goods, and such goods have been and shall be received and accepted by such customers without any claim, defense, dispute, against Client, and without any obligation of Client to perform any additional labor, or to supply any additional materials or services or to fulfill any present or future condition; and

  4. That each invoice of Client evidencing assigned or sold accounts correctly states and shall state the full amount owing by each customer, and that the amount of each invoice is not disputed, is not subject to any defense, credit, deduction, or contra charge, and the payment thereof is not contingent or conditioned on the fulfillment of any contract, condition, or warranty, past or future, expressed or implied […] Ex. B.

**The A/R Transactions**

15. Pursuant to the A/R Agreement, Franklin purchased and/or advanced funds against certain accounts receivable owed to Fuell by its customer Tucker. These accounts receivable are

4

reflected in Fuell's invoices to Tucker Nos. 2022-05-004, 2022-05-005, and 2022-05-006 (the "Invoices"), which are attached hereto as Group Exhibit C.

16. Pursuant to the A/R Agreement, and the Invoices, Franklin advanced certain sums to or on behalf of Fuell, including $242,384.92 on May 9, 2022, $297,223.43 on June 3, 2022, and $180,349.93 on June 6, 2022, for an aggregate amount of $719,958.28.

**Tucker Fails to Pay for the Products**

17. Tucker took possession of three shipments of electric bicycles on May 6, 2022, June 2, 2022, and June 3, 2022 (pursuant to the Invoices).

18. On June 14, 2022, after Tucker received the three shipments of electric bicycles, Tucker informed Franklin that the Invoices were on payment hold due to purportedly defective product.

19. Franklin requested additional information from Tucker, However Tucker failed to provide any further information regarding the nature of the defective product or information as to why Tucker was not complying with the procedures set forth in its distribution agreement with Fuell and the Terms and Conditions to repudiate and not accept delivery of purportedly defective product.

20. Fuell did not timely advise Franklin of Tucker's claims, in violation of its obligations under the A/R Agreement.

21. Tucker and Franklin entered into a Confidential Settlement Agreement with regard to the Invoices. To the extent that Franklin is not fully renumerated by Tucker under the terms of the Confidential Settlement Agreement, Fuell and Terny are liable for payment of the Invoices pursuant to the terms of the A/R Agreement and the Guaranty.

5

**Fuell and Terny's Defaults under the Credit Agreements**

22. Fuell's breach of the warranties and covenants contained in Sections 2.29 and 3.14 of the A/R Agreement, triggered Events of Default under Sections 1.24(b), (c), and (s) of the A/R Agreement.

23. After an Event of Default and pursuant to Section 5 of the A/R Agreement, Franklin is entitled to payment for all amounts currently due and to accelerate all other amounts due under the Credit Agreements.

24. On June 15, 2022, Franklin issued a Default Notice to Fuell under the Credit Agreements for full payment of the indebtedness. A copy of the June 15, 2022, Default Notice is attached hereto as Exhibit D.

## COUNT I
## Breach of Contract
## (Against Fuell)

25. Franklin re-asserts and realleges the allegations contained in paragraphs 1 through 24 of its First Amended Complaint as though fully set forth in this paragraph 25 of Count I.

26. The A/R Agreement is a valid and enforceable contract.

27. Franklin has complied with the terms of the A/R Agreement.

28. Fuell has breached the terms of the A/R Agreement, including but not limited to Section 2.29 and 3.14.

29. Franklin has been damaged by Fuell's breaches of the Credit Agreements in an amount in excess of $479,241.43.

30. Franklin is also entitled to its attorneys' fees and costs incurred in connection with this action. *See,* Section 1.39 of the A/R Agreement.

WHEREFORE, Plaintiff, Franklin Capital Holdings LLC, respectfully requests that judgment be entered in its favor and against Defendant, Fuell Inc. for: (1) an amount in excess of $479,241.43, to be determined at trial, plus interest, costs and attorneys' fees; and (2) for such other and further relief as this Court deems equitable and just.

## COUNT II
### Breach of Guaranty
### (Against Terny)

31. Franklin re-asserts and realleges the allegations contained in paragraphs 1 through 24 of its First Amended Complaint as though fully set forth in this paragraph 31 of Count II.

32. The Guaranty is a valid and enforceable contract.

33. Franklin has performed all of its obligations under the Guaranty.

34. Terny breached Section 3 of the Guaranty as Tucker did not receive and accept the electric bicycles without any claim, defense, or dispute against Fuell.

35. Terny breached Section 4 of the Guaranty as the amounts stated in the Invoices were disputed by Tucker and subject to defenses, credits, deductions or contra charges.

36. Franklin has been damaged as a result of Terny's breach of the Guaranty in an amount in excess of $479,241.43.

WHEREFORE, Plaintiff, Franklin Capital Holdings LLC, respectfully requests that judgment be entered in its favor and against Defendant Francois-Xavier Terny for an amount in excess of $479,241.43 to be determined at trial, plus interest, costs and attorneys' fees, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted,

**FRANKLIN CAPITAL HOLDINGS LLC**

By:   /s/ Eric S. Rein
        One of Its Attorneys

Eric S. Rein (ARDC # 6181305)
Scott M. Kaplan (ARDC # 6317136)
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200
rrein@hmblaw.com
skaplan@hmblaw.com