IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN CAPITAL HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> FUELL, INC., a New York Corporation, and FRANCOIS-XAVIER TERNY, an individual, <br><br> Defendants. | Case No. 1:23-cv-02951 <br><br> JURY DEMANDED |

### DEFENDANTS FUELL, INC.'S AND TERNY'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS CLAIM

Defendants Fuell, Inc. ("Fuell") and Francois-Xavier Terny ("Terny") (collectively, "Defendants"), by their undersigned attorneys, Answers Plaintiff, Franklin Capital Holdings, LLC's ("Franklin"), Complaint and submits its Affirmative Defenses and Cross Claim as follows:

### NATURE OF THE CASE

1. Franklin is a financial services company that provides credit programs to small and medium size businesses. In April 2022, Franklin entered into a lending relationship with Fuell whereby Franklin agreed to provide Fuell with purchase order and accounts receivable financing in order for Fuell to operate its business.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1. Defendants further deny that they entered into a "lending relationship" with Franklin, further stating that Fuell entered into a Purchase Order purchase and sale transaction, not a lending relationship. Fuell denies the remaining allegations of this paragraph.

2. Franklin provided various services to Fuell under this lending relationship including financing Fuell's purchase order for electric bicycles from a supplier in Taiwan and by providing factoring services on Fuell's accounts receivables with regard to multiple shipments of these electric bicycles shipped to Ed Tucker Distributor, Inc. ("Tucker") in May and June 2022.

**RESPONSE:** Defendants admit that Fuell entered into various agreements with Plaintiff regarding the sale of Fuell's purchase orders for electric bicycles from a supplier in Taiwan and by purchasing Fuell's accounts receivables with regard to multiple shipments of these electric bicycles shipped to Tucker in May and June 2022, but deny that Plaintiff's paraphrasing of the agreements accurately reflects all operative terms of that relationship. Accordingly, Defendants deny the allegations in paragraph 2 to the extent that they are inconsistent with the terms and conditions of the parties' agreements.

3. Due to various events of default (as defined in the relevant loan documents), Fuell and Terny are currently in breach of the loan documents.

**RESPONSE:** Defendants deny the allegations in paragraph 3.

4. Franklin now seeks a monetary judgment against the Defendants as a result of the above-referenced conduct.

**RESPONSE:** Defendants admit that Franklin seeks a monetary judgment against Defendants in this action, but deny that they engaged in any of the above conduct and deny that Plaintiff is entitled to any such relief.

## THE PARTIES

5. Franklin is a Delaware limited liability company with its principal place of business located in Highland Park, Illinois.

**RESPONSE:** Defendants admit the allegations in paragraph 5.

6. Franklin's members—Gary Edidin and Matthew Fink—are both domiciled in the State of Illinois.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Fuell is a New York corporation with its principal place of business located in New York, New York. Fuell is a manufacturer/supplier of electric bicycles and motorcycles.

**RESPONSE:** Defendants admit the allegations in paragraph 7.

8. Terny is domiciled in the State of New York and is the Chief Executive Officer of Fuell.

**RESPONSE:** Defendants admit the allegations in paragraph 8.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a)(1). Furthermore, Fuell and Terny consented to the jurisdiction of courts located in Cook County, Illinois in connection with any disputes related to the agreements described herein.

**RESPONSE:** Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because it is an action between citizens of different states and the matter in controversy exceeds $75,000. Defendants admit that they consented to jurisdiction of the courts located in Cook County, Illinois. Defendant Terny further states that although he was never properly served in this matter, but is voluntarily appearing.

10. Venue is proper in this Court because Fuell and Terny agreed to litigate any disputes related to the agreements described herein in Cook County, Illinois.

**RESPONSE:** Defendants admit that they agreed to litigate any disputes related to the agreements before this Court or the state court located in Cook County, Illinois.

## FACTS COMMON TO ALL COUNTS

11. On or about April 12, 2022, Franklin and Fuell entered into a series of agreements pursuant to which Franklin provided ongoing credit programs to Fuell. These agreements included, *inter alia*, an Accounts Receivable Purchase Agreement (the "A/R Agreement") and an Accounts Guaranty Agreement (the "Guaranty," and collectively with the A/R Agreement, the "Credit Agreements"). Copies of the Credit Agreements are attached hereto as Exhibits A, and B, respectively.

**RESPONSE:** Defendants admit the series of agreements that Fuell entered into with Plaintiff are attached to the Complaint. Defendants deny that Plaintiff's paraphrasing of the series of agreements accurately reflect all operative terms of these agreements. Accordingly, Defendants deny the allegations in paragraph 11 to the extent that they are inconsistent with the terms and conditions of the agreements and deny that they breached any of the agreements.

12. Pursuant to the Credit Agreements, and as contemplated thereunder, Franklin advanced certain funds to Fuell in order to enable Fuell to meet its ongoing business obligations. Fuell, however, has refused to pay Franklin the amounts now owed under the Credit Agreements.

**RESPONSE:** Defendants admit the Credit Agreements are attached to the Complaint. Defendants deny that Plaintiff's paraphrasing of the Credit Agreements accurately reflect all operative terms of the Credit Agreements. Accordingly, Defendants deny the allegations in paragraph 12 to the extent that they are inconsistent with the terms and conditions of the Credit Agreements and deny that they breached the Credit Agreements.

**Relevant Terms of the Credit Agreements**

13. The A/R Agreement provides, in relevant part:

- Seller, and those principals and/or agents of Seller authorized by Seller to execute any Assignment Schedule, each represent and warrant to FRANKLIN as follows, and each such representation and warranty shall be deemed automatically

4

reaffirmed and restated by Seller to FRANKLIN at the time each Account is purchased by FRANKLIN under the Agreement, or any Advance or financial accommodation is made to Seller under the Agreement): […] With regard to each Account purchased by FRANKLIN under the Agreement:[…] (V) there are no Disputes existing or asserted with respect to such Account and Seller has not made any agreement with the Account Debtor for any deduction therefrom except for trade discounts which discounts, if made, are reflected in the calculation of the face value of the invoice related thereto […] (Ex. B, ¶2.29)

- Seller covenants to FRANKLIN that until the Agreement shall be terminated and all Obligations shall have been paid in full, Seller will: […] Immediately and in any event not more than Twenty-four (24) hours upon receipt of such information by Seller, notify FRANKLIN of any dispute, return, rejection, loss of or damage to Goods, any request made by an Account Debtor for an extension of time to pay or any fact or circumstance with respect to any Account Purchased or Account which is likely to affect the sum owing thereon or date of payment thereof or any other fact or circumstance that is likely to give rise to any Event of Default […] (*Id.*, at ¶3.14).

- If any Event of Default shall have occurred and be continuing, FRANKLIN may exercise any one or more of the following remedies (each of which shall be cumulative remedies): FRANKLIN may declare the Obligation to be forthwith due and payable, whereupon the same shall become forthwith due and payable, notwithstanding the maturity date or dates expressed in any evidence thereof. Seller waives presentment and protect of any instruments and notice thereof, notice of default and all other notices to which Seller might otherwise be entitled except as specifically provided herein. FRANKLIN may exercise and pursue any and all rights and remedies available to FRANKLIN hereunder and under any Related Documents, and otherwise available to FRANKLIN under applicable law or in equity… FRANKLIN shall be entitled to charge interest at the Default Rate (or if less, the maximum rate allowable by law) on Seller's Obligations, which shall remain unconditionally due and owing and any amounts due until all Accounts Purchased and Obligations due FRANKLIN have been fully satisfied… (*Id.*, at ¶¶5.1, 5.2, 5.6).

**RESPONSE:** Defendants admit the A/R Agreement is attached to the Complaint. Defendants deny that Plaintiff's paraphrasing of the A/R Agreement accurately reflect all operative terms of the A/R Agreement. Accordingly, Defendants deny the allegations in paragraph 13 to the extent that they are inconsistent with the terms and conditions of the A/R Agreement and deny that they breached the A/R Agreement.

14. The Guaranty provides, in relevant part:

5

- FOR VALUE RECEIVED and to induce Franklin Capital Holdings LLC ("Purchaser") now, and from time to time, to make advances, loans and/or extend other credit or financial accommodations under an accounts receivable purchase facility by Purchaser to Fuell Inc., a New York corporation ("Client"), secured by Client's grant to Purchaser a security interest in Client's present and future accounts, inventory, purchase orders and other present and future assets of the Client, the undersigned unconditionally guarantees, represents and warrants to Purchaser, its successors and assigns now, and from time to time hereafter, the following: […]

  3. That Client has made and shall make full, complete, and timely delivery of the goods (or services as the case may be) purchased by the customers of Client, in full compliance with the customer's specifications (or, if applicable, samples) agreed to by Client in the purchase order and that all of said goods (or services, as the case may be) are free of defects, contaminants, deleterious substances or concentrations, or damaged materials that would make the goods commercially unacceptable in general industry application, such goods shall be in conformance with intended use and purpose, and perform under such industry standards as are reasonable acceptable for like or similar quality of goods, and such goods have been and shall be received and accepted by such customers without any claim, defense, dispute, against Client, and without any obligation of Client to perform any additional labor, or to supply any additional materials or services or to fulfill any present or future condition; and

  4. That each invoice of Client evidencing assigned or sold accounts correctly states and shall state the full amount owing by each customer, and that the amount of each invoice is not disputed, is not subject to any defense, credit, deduction, or contra charge, and the payment thereof is not contingent or conditioned on the fulfillment of any contract, condition, or warranty, past or future, expressed or implied […] Ex. B.

**RESPONSE:** Defendants admit the Guaranty is attached to the Complaint. Defendants deny that Plaintiff's paraphrasing of the Guaranty accurately reflect all operative terms of the Guaranty. Accordingly, Defendants deny the allegations in paragraph 14 to the extent that they are inconsistent with the terms and conditions of the Guaranty and deny that they breached the Guaranty.

**The A/R Transactions**

15. Pursuant to the A/R Agreement, Franklin purchased and/or advanced funds against certain accounts receivable owed to Fuell by its customer Tucker. These accounts receivable are

reflected in Fuell's invoices to Tucker Nos. 2022-05-004, 2022-05-005, and 2022-05-006 (the "Invoices"), which are attached hereto as Group Exhibit C.

**RESPONSE:** Defendants admit the A/R Agreement is attached to the Complaint. Defendants deny that Plaintiff's paraphrasing of the A/R Agreement accurately reflect all operative terms of the A/R Agreement. Accordingly, Defendants deny the allegations in paragraph 15 to the extent that they are inconsistent with the terms and conditions of the A/R Agreement and deny that they breached the A/R Agreement. Further, Defendants admit the Invoices are attached to the Complaint. Defendants deny that Plaintiff's paraphrasing of the Invoices accurately reflects all operative terms of the Invoices. Accordingly, Defendants deny the allegations in paragraph 15 to the extent that they are inconsistent with the terms and conditions of the Invoices.

16. Pursuant to the A/R Agreement, and the Invoices, Franklin advanced certain sums to or on behalf of Fuell, including $242,384.92 on May 9, 2022, $297,223.43 on June 3, 2022, and $180,349.93 on June 6, 2022, for an aggregate amount of $719,958.28.

**RESPONSE:** Defendants admits that Franklin paid the amounts alleged in paragraph 16 to or on behalf of Fuell as purchase price for the Invoices.

**Tucker Fails to Pay for the Products**

17. Tucker took possession of three shipments of electric bicycles on May 6, 2022, June 2, 2022, and June 3, 2022 (pursuant to the Invoices).

**RESPONSE:** Defendants admit the allegations in paragraph 17.

18. On June 14, 2022, after Tucker received the three shipments of electric bicycles, Tucker informed Franklin that the invoices were on payment hold due to purportedly defective product.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

7

19. Franklin requested additional information from Tucker, However Tucker failed to provide any further information regarding the nature of the defective product or information as to why Tucker was not complying with the procedures set forth in its distribution agreement with Fuell and the Terms and Conditions to repudiate and not accept delivery of purportedly defective product.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Fuell did not timely advise Franklin of Tucker's claims, in violation of its obligations under the A/R Agreement.

**RESPONSE:** Defendants deny the allegations in paragraph 20.

21. Tucker and Franklin entered into a Confidential Settlement Agreement with regard to the Invoices. To the extent that Franklin is not fully renumerated by Tucker under the terms of the Confidential Settlement Agreement, Fuell and Terny are liable for payment of the Invoices pursuant to the terms of the A/R Agreement and the Guaranty.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21. Defendants deny the allegations in the second sentence of paragraph 21.

**Fuell and Terny's Defaults Under the Credit Agreements**

22. Fuell's breach of the warranties and covenants contained in Sections 2.29 and 3.14 of the A/R Agreement, triggered Events of Default under Sections 1.24(b), (c), and (s) of the A/R Agreement.

**RESPONSE:** Defendants deny the allegations in paragraph 22.

23. After an Event of Default and pursuant to Section 5 of the A/R Agreement, Franklin is entitled to payment for all amounts currently due and to accelerate all other amounts due under the Credit Agreements.

**RESPONSE:** Defendants deny the allegations in paragraph 23.

24. On June 15, 2022, Franklin issued a Default Notice to Fuell under the Credit Agreements for full payment of the indebtedness. A copy of the June 15, 2022, Default Notice is attached hereto as Exhibit D.

**RESPONSE:** Defendants admit that Franklin issued a Default Notice to Fuell under the Credit Agreements for full payment of the indebtedness, but deny that any amounts are due and owing by them to Plaintiff.

### COUNT I
### Breach of Contract
### (Against Fuell)

25. Franklin re-asserts and realleges the allegations contained in paragraphs 1 through 24 of its First Amended Complaint as though fully set forth in this paragraph 25 of Count I.

**RESPONSE:** Defendant Fuell incorporates and reallege its responses to paragraphs 1 through 24 as if fully set forth herein.

26. The A/R Agreement is a valid and enforceable contract.

**RESPONSE:** Defendant Fuell Defendant responds that the allegation in Paragraph 26 does not allege facts but instead alleges a legal conclusion that does not call for a response. To the extent that a response to this legal allegation is appropriate, Terny denies the allegations in paragraph 32

27. Franklin has complied with the terms of the A/R Agreement.

**RESPONSE:** Defendant Fuell denies the allegations contained in paragraph 27.

28. Fuell has breached the terms of the A/R Agreement, including but not limited to Section 2.29 and 3.14.

9

**RESPONSE:** Defendant Fuell denies the allegations contained in paragraph 28.

29. Franklin has been damaged by Fuell's breaches of the Credit Agreements in an amount in excess of $479,241.43.

**RESPONSE:** Defendant Fuell denies the allegations contained in paragraph 29.

30. Franklin is also entitled to its attorneys' fees and costs incurred in connection with this action. *See*, Section 1.39 of the A/R Agreement.

**RESPONSE:** Defendant Fuell denies the allegations contained in paragraph 30.

**WHEREFORE,** Defendant Fuell, Inc., prays that this Court enter judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, and awarding Fuell, Inc. its costs, and for such other and further relief as this Court deems just and proper.

## COUNT II
## Breach of Guaranty
## (Against Terny)

31. Franklin re-asserts and realleges the allegations contained in paragraphs 1 through 24 of its First Amended Complaint as though fully set forth in this paragraph 31 of Count II.

**RESPONSE:** Defendant Terny incorporates and reallege his responses to paragraphs 1 through 24 as if fully set forth herein.

32. The Guaranty is a valid and enforceable contract.

**RESPONSE:** Defendant Terny responds that the allegation in Paragraph 32 does not allege facts but instead alleges a legal conclusion that does not call for a response. To the extent that a response to this legal allegation is appropriate, Terny denies the allegations in paragraph 32.

33. Franklin has performed all of its obligations under the Guaranty.

**RESPONSE:** Defendant Terny denies the allegations contained in paragraph 33.

34. Terny breached Section 3 of the Guaranty as Tucker did not receive and accept the electric bicycles without any claim, defense, or dispute against Fuell.

**RESPONSE:** Defendant Terny denies the allegations contained in paragraph 34.

35. Terny breached Section 4 of the Guaranty as the amounts stated in the Invoices were disputed by Tucker and subject to defenses, credits, deductions or contra charges.

**RESPONSE:** Defendant Terny denies the allegations contained in paragraph 35.

36. Franklin has been damaged as a result of Terny's breach of the Guaranty in an amount in excess of $479,241.43.

**RESPONSE:** Defendant Terny denies the allegations contained in paragraph 36.

**WHEREFORE,** Defendant Terny prays that this Court enter judgment in his favor and against Plaintiff, dismissing the Complaint with prejudice, and awarding Terny his costs, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants Fuell, Inc. ("Fuell") and Francois-Xavier Terny ("Terny") (collectively, "Defendants"), by their undersigned attorneys, without waiving any of the denials contained in the foregoing Answer, assert the following Affirmative Defenses to the Complaint, without assuming the burden of proof for matters for which the burden is not normally upon the responding party:

## FIRST AFFIRMATIVE DEFENSE

In Counts I and II, Plaintiff seeks recovery of damages for breach of the parties' agreements relating to the electric bicycles that Tucker purchased from Fuell and which certain amounts of Fuell's invoices, Fuell Invoice Nos. 2022-05-004, 2022-05-005, and 2022-05-006 (the "Invoices") were purchased by Franklin. As such, Plaintiff waived its right to recover any amounts from Defendants relating to the invoice amounts purchased by Plaintiff. Accordingly, any claims for damages for amounts purchased by Franklin contained in the Invoices are waived.

11

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because all amounts claimed to be owed by Defendants to Plaintiff are owed by Tucker.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages is barred by its failure to mitigate damages to the extent required by law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because Plaintiff released Defendants from any such claims when Plaintiff entered into a Confidential Settlement Agreement with Tucker with regard to the Invoices.

**THEREFORE,** Defendants pray that this Court enter judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, and awarding Defendants their costs, and for such other and further relief as this Court deems just and proper.

Dated: June 14, 2023 	Respectfully submitted,

/s/
Michael R. La Porte
DUNLAP BENNETT & LUDWIG PLLC
333 N. Michigan Ave., Suite 2700
Chicago, Illinois 60601
(312) 551-9500 (t)
(312) 551-9501 (f)
mlaporte@dbllawyers.com

*Counsel for Defendants Fuell, Inc., and Francois-Xavier Terny*

## CERTIFICATE OF SERVICE

I, Michael R. La Porte, an attorney, hereby certify that on June 14, 2023, I filed the foregoing Answer and Affirmative Defenses electronically, via Electronic Case Filing (ECF), which shall send notices to all counsel of record.

                                          */s/ Michael R. La Porte*