**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANKLIN CAPITAL** | § | |
| **HOLDINGS, LLC, a Delaware Limited** | § | |
| **Liability Company,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 1:23-cv-002951** |
| | § | |
| **FUELL, INC. and FRANCOIS-XAVIER** | § | |
| **TERNY,** | § | |
| | § | |
| *Defendants.* | § | |

**NON-PARTY TUCKER POWERSPORTS' MOTION TO QUASH**

Non-Party Tucker Powersports ("Tucker") submits the following Motion to Quash in response to Defendants FUELL, Inc.'s and Francois-Xavier Terny's ("Defendants") *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* (the "Subpoena"), and would respectfully show the Court as follows:

**I. BACKGROUND**

1.       On or about August 30, 2023, Defendants issued the Subpoena to Tucker. A true and correct copy of the Subpoena is attached as **Exhibit A**.[1]

2.       The Subpoena seeks the following five categories of documents:

---

[1] Tucker is a non-party, so it is unclear whether Defendants complied with the notice requirements in Federal Rule of Civil Procedure 45(a)(4). *Allender v. Raytheon Aircraft Co.*, 220 F.R.D. 661, 664 (D. Kan. 2004) (holding failure to give notice to parties prior to serving its subpoenas violated Rule 45).

1. All documents that Tucker Powersports shared with Turn 14 regarding its purchase of electric bicycles from FUELL, Inc.

2. All communications between Tucker Powersports and Franklin Capital Holdings, LLC regarding the electric bicycles shipped pursuant to the purchase orders included in the attached "Exhibit C."

3. All communications between Tucker Powersports and FUELL, Inc. or any of its agents, including between Tucker and Francois Xavier Terny regarding the electric bicycles shipped pursuant to the purchase orders included in the attached "Exhibit C."

4. All documents in which Tucker expressed concerns about the quality, including but not limited to expressions of concern about defects, of electric bicycles to FUELL, Inc. or any of its agents regarding the electric bicycles shipped pursuant to the purchase orders included in the attached "Exhibit C."

5. Any document in which Tucker identified any flaw, defect, or other issue with any of the electric bicycles shipped pursuant to the purchase orders included in the attached "Exhibit C."

3. The Subpoena provides a compliance deadline of September 21, 2023. Ex. A.

4. As discussed herein, these requests improperly seek information from a non-party that is readily available to the parties, lack relevance under the pleadings, and are overly broad with no temporal limitation. Therefore, the Subpoena subjects Tucker to an undue burden, so Tucker accordingly requests that the Court quash the Subpoena.[2]

## II. ARGUMENT & AUTHORITIES

**A.    Motion to Quash or Modify**

5. "The importance of protecting . . . non-parties from undue burden is found in various provisions of the Federal Rules of Civil Procedure." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015).

---

[2] Because the Subpoena potentially implicates confidential and trade secret information, Tucker reserves the right to seek a protective order.

6.    "Federal Rule of Civil Procedure 45, which governs subpoenas, provides that, '[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden.'" *Last Atlantis Capital, LLC v. AGS Specialist Partners*, No. 04 C 0397, 2013 WL 182792, at *1 (N.D. Ill. Jan. 17, 2013) (quoting FED. R. CIV. P. 45(d)(3)(A)(iv)). "The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Sea Tow Intern., Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007).

**B.    Undue Burden**

7.    "When making the determination of whether a person will be subjected to undue burden, courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request." *Uppal*, 124 F. Supp. 3d at 813.

8.    An examination of these factors shows an undue burden placed on Non-Party Tucker, requiring the Court to quash the Subpoena in its entirety.

**1.    Tucker's Non-Party Status Favors Quashing**

9.    "[C]ourts have consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Roman v. City of Chicago*, No. 20 C 1717, 2023 WL 121765, at *10 (N.D. Ill. Jan. 6, 2023) (collecting cases). Indeed, "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Uppal*, 124 F. Supp. 3d at 811. "Non-parties are afforded this special consideration, because '[they] have a different set of expectations' than parties." *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) (quoting *Uppal*, 124 F. Supp. 3d at 813).

10.    Because Tucker is a non-party in this case, the Court should closely scrutinize the burden the Subpoena places on Tucker and consider this in the context of the Subpoena. As

explained below, the Subpoena places an unnecessary burden on Tucker because the documents requested are available from parties, the requests contain no temporal limitation, and the requests lack relevance to the underlying claims and defenses.

11.    Therefore, Tucker's non-party status and the burden placed upon it supports quashing the Subpoena.

### 2.    The Subpoena Should be Quashed Because the Information Requested is Readily Available from Party Litigants

12.    On its face, the Subpoena places an undue burden on Non-Party Tucker because it seeks documents from Tucker that are just as readily available to the *parties* in this lawsuit: "A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative." *Rossman*, 467 F. Supp. 3d at 590.

13.    Request No. 2 seeks all communications between Tucker and Plaintiff Franklin Capital concerning the electric bicycles purchased according to the Complaint's Exhibit C. Defendants need not go beyond the parties to the underlying suit to obtain these communications. Yet Defendants improperly chose to subpoena a non-party for communications or documents obtainable from Plaintiff. This alone is sufficient reason to quash the Subpoena. *See e.g., Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015); *In re Heartland Inst.*, 2011 WL 1839482, at *4 (N.D. Ill. May 13, 2011).

14.    Request Nos. 3 and 4 specifically request documents between Tucker and FUELL. It is axiomatic a party in a suit "should have its own communications." *See Tresona Multimedia*, 2015 WL 4911093, at *4. Yet instead of searching their own files, Defendants attempt to coerce Non-Party Tucker to do the Defendants' work for them. The Court should grant this Motion to Quash with respect to these requests because they seek information that is readily available from a party—*i.e.*, the requesting parties—and Defendants have made no showing that they sought this

information through less intrusive means. *See Craigville Telephone Co. v. T-Mobile USA, Inc.*, 2022 WL 17740419 at *4 (N.D. Ill. Dec. 16, 2022); *Earthy, LLC v. BB&HC, LLC*, 2017 WL 4512761, at *3 (N.D. Ill. Oct. 10, 2017).

15.    Therefore, this factor favors quashing the Subpoena.

**3.    The Requests are Overbroad, Containing no Temporal Limitation**

16.    Request Nos. 1-5 are all overly broad and unduly burdensome as they are unlimited in time. As currently constructed, to comply with the Subpoena would require Tucker to search for the categories of documents without any temporal limitation.

17.    Request No. 5 is specifically overbroad as it also requests "any" document from Tucker in which Tucker identified a flaw, defect, or the like with FUELL's electric bicycles. This request is not narrowly tailored and requires Non-Party Tucker to hunt through its files for all emails, notes, interoffice memos, text messages, contracts, and "any" other written sources to find any document mentioning issues with electric bicycles.

18.    This factor shows the undue burden this Subpoena places on Non-Party Tucker and supports quashing.

**4.    Lack of Relevance Favors Quashing**

19.    While Rule 45 "does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003).

20.    Accordingly, "[i]n considering when a burden is undue, Rule 26 is relevant and should be considered." *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp. 3d 1197, 1202 (D. Or. 2019); *Furr v. Ridgewood Surgery & Endoscopy Ctr., LLC*, No. 14-1011-RDR, 2014

WL 6472885, at *3 (D. Kan. Nov. 18, 2014) ("Lack of relevance is a valid reason to quash a subpoena.").

21.     A stronger showing of relevance is necessary when the dispute involves non-party discovery. *See Zukoski v. Philadelphia Elec. Co.*, No. CIV. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994) ("It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery."); *Stamy v. Packer*, 138 F.R.D. 412, 419 (D. N.J. 1990) ("[T]he standards for nonparty discovery require a stronger showing of relevance than for simple party discovery."); *Laxalt v. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986) (same).

22.     A review of Plaintiff Franklin Capital Holdings, LLC's ("Franklin") Complaint reveals that the Subpoena seeks information that will not aid or rebut any claims or defenses made by either Party in their dispute. For example, the Complaint alleges that FUELL failed to "timely advise Franklin of Tucker's claims" as required by the Parties' 'A/R Agreement.'" ECF No. 1, Compl. ¶ 19. Franklin contends FUELL's alleged breach of (at least) that provision caused FUELL to default on the A/R Agreement. Compl. ¶¶ 21, 22. Franklin contends FUELL owes the entire amount of the contract because of this default. Compl. ¶¶ 21, 22.  Franklin also contends that Terny breached the Guaranty, making him also liable for the amount due under the Parties' A/R Agreement. Compl. ¶¶ 33–35. Defendants deny all these allegations and raise several affirmative defenses, including that Franklin waived its claims and that Franklin's claims are barred. *See* ECF No. 14, Defs' Ans. at 11–12.

23.     With respect to Request No. 1, any documents shared by Tucker to Turn 14 concerning its purchase of electric bicycles from FUELL are irrelevant to the instant dispute between Franklin and Defendants. Documents shared, if any, with Turn 14 will not provide insight

6

into FUELL's or Terny's alleged failure to comply with their Agreements with Franklin. These communications would, at most, show communications with Tucker and a third-party concerning electric bicycles. This information is not relevant to whether FUELL timely informed Franklin of Tucker's issue with the goods.

24.     Regarding Request Nos. 2–4, Non-Party Tucker's communications with the parties still does not aid any claims or defenses by either party. Tucker's communications with Franklin have no bearing on whether FUELL properly notified Franklin, or whether Terny is liable under his Guaranty Agreement. Nor will Tucker's communications with the FUELL shed light on these matters.

25.     With respect to Request No. 5, Tucker's documents identifying any flaw, defect, or other issue with the shipped electric bicycles are likewise irrelevant to any of Defendants' denials or affirmative defenses. The documents will not inform the Parties about whether FUELL timely informed Franklin of Tucker's issues, or whether Terny is liable under the Guaranty Agreement. Nor will the documents inform the Parties about if Franklin waived its claims or whether its claims are barred. *See* Defs' Ans.

26.     For these reasons, all requested documents are irrelevant, and the Subpoena against Non-Party Tucker should be quashed.

**5.     The Burden Imposed Outweighs Value to Defendants**

27.     The burden of forcing a non-party to comply with requests for documents pursuant to the Subpoena greatly outweighs any benefit to Defendants.

28.     Where the burden of "the proposed discovery 'outweighs its likely benefit' . . . it ought not be allowed." *Uppal*, 124 F. Supp. 3d at 815.

29.     As discussed above, when considering the underlying pleadings, the requested documents do not advance the Defendants' case on the merits. Further, the Parties to the suit possess nearly all the documents and communications requested by the Subpoena.

30.     Therefore, the Court should quash the Subpoena in its entirety because the request imposes a burden that substantially outweighs any benefit to Defendants. *See Uppal*, 124 F. Supp. 3d at 815.

### III. PRAYER

Non-Party Tucker respectfully requests that the Court quash the Subpoena in its entirety or alternatively modify the Subpoena to eliminate the undue burden it imposes, and for all other relief to which Non-Party Tucker is entitled.

Respectfully submitted,

/s/ Amir R. Tahmassebi
Amir R. Tahmassebi, #6287787
amir@konicekdillonlaw.com
**KONICEK & DILLON, P.C.**
70 W. Madison, Suite 2060
Chicago, Illinois 60602
Telephone: (312) 328-9166
Facsimile: (630) 262-9659

**LOCAL COUNSEL FOR NON-PARTY
TUCKER POWERSPORTS**

-and-

Zachary C. Farrar (*pro hac vice application forthcoming*)
Texas Bar No. 24093418
zachary.farrar@wickphillips.com
Colin P. Benton (*pro hac vice application forthcoming*)
Texas Bar No. 24095523
colin.benton@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: (817) 332-7788
Facsimile: (817) 332-7789

**LEAD COUNSEL FOR NON-PARTY
TUCKER POWERSPORTS**

## CERTIFICATE OF CONFERENCE

I certify that on September 15 and 18, 2023, I attempted to contact counsel for Defendants via phone to conference on the matters presented in this Motion but counsel did not answer, and on September 18, 2023, I left a voicemail but counsel has not returned my voicemail.

*/s/ Colin P. Benton*
Colin P. Benton


## CERTIFICATE OF SERVICE

I certify that on September 20, 2023, the foregoing document was served on all counsel of record by electronically filing via CM/ECF in accordance with the Federal Rules of Civil Procedure.

*/s/ Amir R. Tahmassebi*
Amir R. Tahmassebi