UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKLIN CAPITAL HOLDINGS, LLC, a Delaware limited liability company,<br><br>                        Plaintiff,<br>        v.<br><br>FUELL, INC., a New York Corporation, and FRANCOIS-XAVIER TERNY, an individual,<br><br>                        Defendants. | CASE No. 1:23-cv-02951<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPOSNE TO THIRD PARTY TUCKER'S
MOTION TO QUASH**

Defendants seek only a narrow set of documents from third party Ed Tucker Distributors, Inc, which documents it has also asked for (but has not received) from plaintiff Franklin. Defendants have not received these documents from Franklin because they do not believe, as explained further below, that any such documents exist. As a result, Tucker's claims that such documents should be gotten in the first instance from Franklin miss the mark. Similarly, the claims in Tucker's motion that response would be "burdensome" are misplaced. The Court should enforce the Subpoena as narrowed by agreement of the parties and require Tucker to produce any documents in the narrowed category, or state that it has searched for but is not able to find any responsive documents.

**RESPONSE**

By agreement, Defendant have narrowed the scope of the subpoena to just documents in which Tucker expressed any concerns about the quality of any of the electric bicycles that were shipped pursuant to the invoices that are relevant in Franklin's suit against the Defendants. *See* First Am. Compl. Para. 15 (ECF No. 10, PageID #57-58). Each of the three invoices from FUELL

1

to Tucker covered 96 electric bicycles for a total of 288 electric bicycles, each identifiable by a unique vehicle identification number.[1] Franklin purchased the accounts receivable for these invoices from FUELL. Tucker, however, never paid for the 288 electric bicycles shipped pursuant to these invoices. As narrowed, the Defendants' subpoena seeks any and all written complaints about any of these 288 electric bicycles.

Among other things, Defendants sought these same documents from plaintiff, Franklin, but did not receive any such documents in discovery. Put another way, Franklin did not produce to Defendants any document in which Tucker complained about the quality or performance of any of the 288 electric bicycles shipped pursuant to the invoices attached to the complaint. In meetings and conferences, Franklin's attorneys indicated that they were not withholding such documents, but instead acknowledged that no such documents existed.

The crux of Tucker's arguments for quashing the subpoena are (1) that the documents sought can and should be obtained from the plaintiff, Franklin; and (2) that the request would be unduly burdensome. *See* Mot. to Quash at 4-5, 7.[2] Both claims miss the mark. As noted above, Franklin produced no such documents showing any complaint about any electric bicycle shipped pursuant to any of the invoices at issue in this case. Franklin has not refused to produce such

---

[1] Defendants also sold other electric bicycles to Tucker covered by other invoices, but Franklin did not purchase the accounts receivable from those other invoices, only the three invoices attached to its First Amended Complaint.

[2] Tucker seems to suggest claims that its status as a non-party supports quashing the subpoena. Mot. at 3, but this claims too much. Rule 45 pertains to third-party discovery. It makes no sense to say that Tucker's status as a third party alone supports quashing. Instead, the Courts consider the status in weighing burdens and determine whether they are "undue." Tucker's claim regarding the lack of "temporal limitations" are now irrelevant, as Defendant has significantly narrowed its request to a brief period of time in the Spring of 2022. As noted in the text, Tucker's other claims of burden because of the implied volume of material isn't supported by the facts here.

documents, but instead says that no such document exist.³ The Defendants similarly do not have any document in which Tucker complains about the quality of any of the electric bicycles shipped pursuant to the invoices at issue in this case. Thus, the documents sought here are not documents that could be obtained in the first instance from Franklin.

Tucker's claim that requiring production of "all emails, notes, interoffice memos, text messages, contracts, and 'any' other written sources to find any document mentioning issues with electric bicycles" would be unduly burdensome is also unpersuasive. Indeed, as noted above, there is likely no burden of collection, review, or production because such documents likely do not exist.

There is similarly no burden in searching. Tucker also knows that it is not being asked to search for some obscure or unknown records. On the contrary, the records – if they exist – would be at the heart of this case and of the prior case in which Franklin sued both Tucker and these Defendants regarding exactly the same invoices and electric bicycles at issue here. *See Franklin Capital Holdings, LLC v. FUELL, Inc., Ed Tucker Distributor, Inc., and Francois-Xavier Terny*, No. 22 cv 03648 (N.D. Ill.) (Wood, J.). Indeed, it is also at the heart of the second lawsuit that Franklin has against Tucker for breaching is settlement of the first lawsuit. *See Franklin Capital Holdings, LLC v. Ed Tucker Distributor, Inc.*, No. 23 cv 2649 (N.D. Ill.) (Durkin, J.).⁴

---

³ Defendants believe that no document exist because Tucker never complained (in writing or otherwise) to Franklin about any of the 288 electric bicycles shipped pursuant to the invoices in question.

⁴ Tucker's relevance claim is likewise without merit. As it notes in its motion, one of Franklin's claims here is that FUELL and Terny supposedly did not timely advise Franklin of Tucker's complaints about any of the 288 electric bicycles shipped pursuant to the invoices at issue in this case. *See* Mot. at 6. Among the reasons that Franklin's claim for breach is off the mark is that Defendants couldn't have advised Franklin of Tucker's "claims" because Tucker neither informed Defendants of any claims nor did it actually have any such claims. Defendants know that Tucker never complained to FUELL or Terny. The absence of complaints from Tucker to Franklin would further bolster defendants' position that notification couldn't be "untimely" because such complaints didn't exist.

At bottom, Tucker agreed to purchase 288 electric bicycles from FUELL, which are reflected in the invoices attached to the First Amended Complaint. The total purchase cost for those 288 electric bicycles was just shy of $1,000,000. Tucker, though, refused to pay pursuant to those invoices, claiming that there were supposedly quality issues with the electric bicycles shipped pursuant to those invoices. Tucker's search for responsive documents should not be difficult (assuming any such documents exist). The documents sought would reflect the supposed justification for blowing up a nearly one-million dollar deal. It is hard to imagine that if such documents existed, they would have been collected and used in its own defense in the prior and current litigation. And, if no such documents exist, as Defendants suspect, then it also ought to be a trivial task (not an undue burden) to say so.

## CONCLUSION

As narrowed, defendants' subpoena seeks only a discrete set of relevant documents. Such documents, if they even exist, would not be voluminous. And because the subject matter of the request is at the center of three federal litigations involving Tucker (including this one), neither the search for, review of, or production of any such documents could be considered burdensome at all. Instead, if no such documents even exist, as Defendants suspect, the "burden" on Tucker is simply to confirm that none exist, which burden could hardly be deemed "undue."

Dated: October 12, 2023     Respectfully submitted,

*/s/Michael La Porte*
Michael R. La Porte
**Dunlap Bennett & Ludwig PLLC**
333 N. Michigan Avenue, Suite 2700
Chicago, IL  60601
T:  312-551-9500
F: 312-551-9501

**Attorney for Defendants**

4